**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Christine M. Arguello**

Civil Action No. 13-cv-01469-CMA-KLM

DAVID E. WILKENSON,

      Plaintiff,

v.

STATE OF COLORADO, et al.,
MESA COUNTY, COLORADO, et al,

      Defendants.

---

## ORDER REGARDING COMPLAINT

---

This case is before the Court *sua sponte* as a result of its review of the docket.

## I. BACKGROUND

Plaintiff initiated this lawsuit *pro se* on June 6, 2013.  (Doc. # 1.)  Plaintiff appears to bring various constitutional claims relating to a domestic relations matter previously before state court.  (*Id.* at 3.)   Plaintiff asks the Court for compensatory damages amounting to $20,000,000 and punitive damages amounting to $60,000,000, as well as injunctive relief.  (*Id.* at 29-31.)   In so doing, Plaintiff's complaint spans 34 pages and contains 104 numbered paragraphs.

## II. LEGAL STANDARD

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949

(2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The complaint

must provide fair notice to the Defendants sued of what the claims are and the grounds

supporting such claims, *Twombly*, 550 U.S. at 555, and allow the Court to conclude that

the allegations, if proven, show that the Plaintiff is entitled to relief.  *Monument Builders*

*of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 1480 (10th Cir.

1989).  The factual allegations in the complaint "must be enough to raise a right to relief

above the speculative level."  *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d

1188, 1191 (10th Cir. 2009).

Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and

plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain

statement of the claim showing that the pleader is entitled to relief; and (3) a demand for

the relief sought . . . ."  Fed. R. Civ. P. 8.  Furthermore, in a lawsuit bringing allegations

of fraud (which is mentioned in the complaint here), the pleading must comply with Rule

9(b), prescribing that the circumstances constituting fraud be stated with particularity.

Fed. R. Civ. P. 9.

### III. DISCUSSION

The Tenth Circuit encourages district courts to "helpfully advise a *pro se* litigant

that, to state a claim in federal court, a complaint must explain what each defendant did

to him or her, when the defendant did it, how the defendant's action harmed him or her,

and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v.*

*Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007); *see also Lazarov*

2

*v. Kimmel*, No.10-cv-01238-CMA, 2010 WL 2301749 (D. Colo. June 8, 2010).  Plaintiff's

unnecessarily lengthy complaint fails to clearly and manageably articulate the specific

allegations as to each defendant and the corresponding basic details, such as the date

of the act or identification of alleged actor, as well as the specific legal right each

defendant allegedly violated.  The complaint contains unnecessary and lengthy factual

statements that make various allegations pertaining to a custody and child support

battle with the mother of his two children, and not linked to any identifiable legal right

that he may have against Defendants State of Colorado and Mesa County.  In short,

the complaint totally fails to comply with the federal and local rules.

### IV. <u>CONCLUSION</u>

In order to secure the just, speedy, and inexpensive determination of this

matter, as dictated by Rule 1 of the Federal Rules of Civil Procedure, the Court finds

it necessary to *sua sponte* strike the Complaint due to its failures as set forth above.

The Court grants Plaintiff leave to file, **<u>on or before July 11, 2013</u>**, an amended

complaint that complies with this Order, Rule 8 of the Federal Rules of Civil Procedure,

and Rule 8.1A. of the Local Rules of Practice of the United States District Court for the

District of Colorado-Civil.

The Court advises Plaintiff to provide a short and concise statement explaining

what each defendant did to him, when each defendant did it, how each defendant's

action harmed him, what specific legal right each defendant violated, and what remedy

he seeks for each violation.  The Court informs Plaintiff that failure to comply with this

Order by not filing an Amended Complaint <u>on or before July 11, 2013</u>, could result in the

dismissal of his case.  It is

FURTHER ORDERED that Defendant's Motion to Dismiss for Lack of Subject

Matter Jurisdiction (Doc. # 6) is DENIED AS MOOT, with leave to refile.

DATED:  June __24__, 2013

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge