IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01469-CMA-KLM

DAVID E. WILKENSON,

      Plaintiff,

v.

STATE OF COLORADO, and
MESA COUNTY, COLORADO,

      Defendants.
_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

      This matter is before the Court on **Defendant State of Colorado's Motion to Dismiss All Claims Asserted Against it in the Amended Complaint** [#15][1] (the "State Motion") and Defendant **"Mesa County's" Motions to Dismiss Pursuant to Fed.R.Civ.P. [sic] 12(b)(2), 12(b)(5), and 12(b)(6)** [#17] (the "County Motion" and, collectively with the State Motion, the "Motions").  On August 5, 2013, Plaintiff filed a Response to the State Motion [#18].  On August 7, 2013, Defendant State of Colorado ("State") filed a Reply [#21].  On August 5, 2013, Plaintiff filed a Response to the County Motion [#19].  On August 12, 2013, Defendant Mesa County ("County") filed a Reply [#22].  The Motions are ripe for review.  Pursuant to 28 U.S.C. § 636(b)(1) and D.C.COLO.LCivR 72.1C, the Motions have been referred to this Court for a recommendation regarding disposition [#20].  The Court

---

[1] "[#15]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF).  I use this convention throughout this Recommendation.

has reviewed the Motions, the Responses, the Replies, the entire docket, and the applicable law, and is sufficiently advised in the premises.  For the reasons set forth below, the Court respectfully **RECOMMENDS** that the Motions [##15, 17] be **GRANTED**.

## I. Background

Plaintiff initiated this lawsuit on June 7, 2013.  *See generally Compl.* [#1].  After reviewing the Complaint, the Court *sue sponte* struck the Complaint [#1] and ordered Plaintiff to file an amended complaint.  The Court also advised Plaintiff of the pleading requirements of Fed. R. Civ. P. 8 and 9.  *See generally Order Regarding Complaint* [#12]. Specifically, the Court advised Plaintiff "to provide a short and concise statement explaining what each defendant did to him, when each defendant did it, how each defendant's action harmed him, what specific legal right each defendant violated, and what remedy he seeks for each violation."  *Id.* at 3.  In response, Plaintiff filed his First Amended Complaint [#14]. The First Amended Complaint did little to clarify the factual allegations in support of Plaintiff's claims against Defendants.  However, Plaintiff did add sections titled "Causes of Action against Defendant State of Colorado" and "Causes of Action against Defendant Mesa County."  *First Am. Compl.* [#14] at ¶¶ 92-113.  Plaintiff also delineated the relief he seeks.  *Id.* at ¶¶ 114-129.

In short, Plaintiff's allegations relate to his 1996 domestic relations case which resulted in custody of his children being awarded to their mother.  *Id.* at ¶¶ 4-6.  Many of Plaintiff's allegations relate to actions taken in 1996 and 1997 relating to the domestic relations case.  Plaintiff also states that the state court "destroyed the record of the case" and that his appeal regarding this claim was denied by the appellate court.  *Id.* at ¶ 9.

However, he does not provide a time frame for these allegations  In addition, Plaintiff makes a variety of allegations against non-parties, including, among other people, Magistrate Jane Westbrook, Magistrate Cynthia Cyphers, and Mesa County Assistant County Attorney Valerie Robinson.  *See, e.g., id.* at ¶¶ 19-30.

Plaintiff purports to bring claims against Defendant pursuant to 42 U.S.C. § 1983, and the First, Fifth, and Fourteenth Amendments.  *Id.* at ¶ 50.  However, he later clarifies that he is bringing a section 1983 claim for alleged violations of his First, Fifth, and Fourteenth Amendment rights.  *Id.* at ¶ 54.  Plaintiff also asserts that the Court has jurisdiction pursuant to 28 U.S.C. § 1331.  *Id.* at ¶ 50.

## II.  Standard of Review

In the Motions, Defendants request dismissal pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(2), 12(b)(5), and 12(b)(6).

## A.   Federal Rule of Civil Procedure 12(b)(1)

The purpose of a motion to dismiss pursuant to Rule 12(b)(1) is to test whether the Court has jurisdiction to properly hear the case before it.  Because "federal courts are courts of limited jurisdiction," the Court must have a statutory basis to exercise its jurisdiction. *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002); Fed. R. Civ. P. 12(b)(1). Statutes conferring subject matter jurisdiction on federal courts are to be strictly construed. *F & S Const. Co. v. Jensen*, 337 F.2d 160, 161 (10th Cir. 1964).  In addition, "[t]he burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction." *Id.* (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

A motion to dismiss pursuant to Rule 12(b)(1) may take two forms:  facial attack or factual attack. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995).  When reviewing

a facial attack on a complaint, the Court accepts the allegations of the complaint as true. *Id.* By contrast, when reviewing a factual attack on a complaint, the Court "may not presume the truthfulness of the complaint's factual allegations." *Id.* at 1003. With a factual attack, the moving party challenges the facts upon which subject matter jurisdiction depends. *Id.* The Court therefore must make its own findings of fact. *Id.* In order to make its findings regarding disputed jurisdictional facts, the Court "has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing." *Id.* (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990); *Wheeler v. Hurdman*, 825 F.2d 257, 259 n.5 (10th Cir.), *cert. denied*, 484 U.S. 986 (1987)). The Court's reliance on "evidence outside the pleadings" to make findings concerning purely jurisdictional facts does not convert a motion to dismiss pursuant to Rule12(b)(1) into a motion for summary judgment pursuant to Rule 56. *Id.*

## B.    Federal Rule of Civil Procedure 12(b)(2)

The purpose of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) is to test whether the Court has personal jurisdiction over the named parties. After a motion to dismiss has been filed, the plaintiff bears the burden of establishing personal jurisdiction over the defendants. *Behagen v. Amateur Basketball Ass'n*, 744 F.2d 731, 733 (10th Cir. 1984). The Court accepts the well-pled allegations (namely the plausible, nonconclusory, and nonspeculative facts) of the operative pleading as true to determine whether the plaintiff has made a *prima facie* showing that the defendants are subject to the Court's personal jurisdiction. *Dudnikov v. Chalk & Vermillion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008). The Court "may also consider affidavits and other written materials submitted by the parties." *Impact Prods., Inc. v. Impact Prods., LLC*, 341 F. Supp. 2d 1186,

4

1189 (D. Colo. 2004).  Any factual disputes are resolved in the plaintiff's favor.  *Benton v. Cameco Corp.*, 375 F.3d 1070, 1074-75 (10th Cir. 2004).

The Due Process Clause permits the exercise of personal jurisdiction over nonresident defendants when two conditions are met.  First, a defendant must have "minimum contacts" with the forum state.  *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).  Second, if sufficient minimum contacts are shown, "the Due Process Clause requires that [the Court] further consider whether the exercise of personal jurisdiction over [the] defendant would nonetheless offend traditional notions of fair play and substantial justice."  *Impact Prods.*, 341 F. Supp. 2d at 1190.

**C.    Fed. R. Civ. P. 12(b)(5)**

The Court may dismiss a case pursuant to Rule 12(b)(5) for insufficient service of process.  A "Rule 12(b)(5) motion challenges the mode of delivery or the lack of delivery of the summons and complaint."  5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure 3D § 1353.  In opposing a motion to dismiss for insufficient service of process, "'plaintiff bears the burden to make a prima facie case that he has satisfied statutory and due process requirements so as to permit the court to exercise personal jurisdiction over defendant.'"  *Allen v. United Properties & Const.*, No. 07-cv-00214-LTB-CBS, 2008 WL 4080035, at *9 (D. Colo. Sept. 3, 2008) (quoting *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. 2008).  "Effectuation of service is a precondition to suit . . ." *Jenkins v. City of Topeka*, 136 F.3d 1274, 1275 (10th Cir. 1998).  Without proof of service, a court lacks personal jurisdiction over the defendant.  *Okla. Radio Assoc. v. FDIC*, 969 F.2d 940, 943 (10th Cir. 1992).  The plaintiff must demonstrate that the procedure employed by him to effect service satisfied the requirements of Rule 4 of the Federal Rules

5

of Civil Procedure. *Light v. Wolf*, 816 F.2d 746, 751 (D.C. Cir.1987).

## D. Federal Rule of Civil Procedure 12(b)(6)

The Rule 12(b)(6) standard tests "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). To survive a Rule 12(b)(6) motion, "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support plaintiff's allegations." *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[P]lausibility refers to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiff[ ] [has] not nudged [his] claims across the line from conceivable to plausible." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (internal quotations and citations omitted).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, "[a] pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do. Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted). That said, "[s]pecific facts are not necessary[. Instead,] the statement need only give the defendant[s] fair notice of what the . . . claim is and the grounds upon which it rests[, and is not required to] include all facts necessary to carry the plaintiff's burden." *Khalik*, 671 F.3d at 1192.

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678

6

(citation omitted).  As the Tenth Circuit has explained, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (citation omitted).

### E.   *Pro Se* Litigants

The Court must construe the filings of a *pro se* litigant liberally.  *See Haines v. Kerner*, 404 U.S. 594, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be the *pro se* litigant's advocate, nor should the Court "supply additional factual allegations to round out [the *pro se* litigant's] complaint or construct a legal theory on [his or her] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110).  In addition, *pro se* litigants must follow the same procedural rules that govern other litigants.  *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

## II.  Analysis

### A.   Defendant State

"It is well established that under the Eleventh Amendment, sovereign immunity prohibits federal courts from entertaining suits against states brought by their own citizens or citizens of another state without their consent." *Hunt v. Colo. Dep't of Corr.*, 271 F. App'x 778, 780 (10th Cir. 2008) (citation omitted).  "Though the text of the Amendment

does not expressly so provide, the Supreme Court has interpreted the Amendment to apply to federal question suits against a State brought in federal court by the State's own citizens." *Ellis v. Univ. of Kansas Med. Ctr.*, 163 F.3d 1186, 1195 (10th Cir. 1998) (citing *Idaho v. Coeur d'Arlene Tribe of Idaho*, 521 U.S. 261, 267 (1997)) (other citations omitted). Further, as the Tenth Circuit has explained, only

> [t]wo circumstances exist where a citizen may sue a State in federal court without running afoul of the Eleventh Amendment. First, a federal court may hear such suits if the State has expressly waived its Eleventh Amendment protection and consented to such suit in the federal courts. The test for determining whether a State has waived its Eleventh Amendment immunity "from federal-court jurisdiction is a stringent one" and in "the absence of an unequivocal waiver specifically applicable to federal-court jurisdiction," we will not find that a State has waived its constitutional immunity.

*Ellis*, 163 F.3d at 1195 (quoting *Atascadero State Hosp. v. Scanlon,* 473 U.S. 234, 241 (1985)). The second circumstance when a citizen may sue a state is when the state's Eleventh Amendment immunity is abrogated by Congress through a valid exercise of power by Congress under section five of the Fourteenth Amendment. *Id.* at 1195-96.

Here, Plaintiff bears the burden of pleading sufficient information for the Court to conclude that it has jurisdiction over each claim asserted in his First Amended Complaint. *Kokkonen*, 511 U.S. at 377; *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). While Plaintiff argues that *Ex parte Young*, 209 U.S. 123 (1908), offers an exception to the Eleventh Amendment's prohibition on suits against states, *First Am. Compl.* [#14] at ¶¶ 53, 63; *Response to State Motion* [#18] at 4-5, *Ex parte Young* does not apply here because Plaintiff named the state of Colorado, not a state official, as a Defendant.

> Under *Ex parte Young*, a plaintiff may avoid the Eleventh Amendment's prohibition on suits against states in federal court by seeking to enjoin a state official from enforcing an unconstitutional statute. *Id.* at 157, 28 S.Ct. 441. The plaintiff must be "(1) suing state officials rather than the state itself, (2)

8

alleging an ongoing violation of federal law, and (3) seeking prospective relief." *Muscogee (Creek) Nation v. Pruitt,* 669 F.3d 1159, 1167 (10th Cir. 2012).

*Cressman v. Thompson*, 719 F.3d 1139, 1146 n.8 (10th Cir. 2013). Further, Plaintiff offers no argument that Defendant State has waived its Eleventh Amendment immunity. In addition, the enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity. *Patillo v. Larned State Hosp.*, No. 11-3184, 2012 WL 256023, at *2 (10th Cir. 2012) (citation omitted). Thus, Plaintiff's claims against Defendant State are barred as a matter of law. Accordingly, the Court **recommends** that the State Motion [#15] be **granted** and that Plaintiff's claims against Defendant State be **dismissed without prejudice**. *See Schrader v. Richardson*, 461 F. App'x 657, 660 (10th Cir. Jan. 31, 2012) (unpublished decision) (citation omitted) (dismissal based on Eleventh Amendment immunity is without prejudice).

## B.   Defendant County

Colorado Revised Statute § 30-11-105 provides that "[i]n all suits or proceedings by or against a county, the name in which the county shall sue or be sued shall be, 'The board of county commissioners of the county of ................'." The Tenth Circuit has opined that this statutory provision is jurisdictional because § 30-11-105 provides " 'the exclusive method by which jurisdiction over a county can be obtained.' " *Gonzales v. Martinez*, 403 F.3d 1179, 1182 n.7 (10th Cir. 2005) (quoting *Calahan v. Jefferson Cnty.,* 429 P.2d 301, 302 (1967)). Indeed, any "'action attempted to be brought under any other designation is a nullity, and no valid judgment can enter in such a case.' " *Id.* (quoting *Calahan,* 429 P.2d at 302).

Here, contrary to the express requirements of Colo. Rev. Stat. § 30-11-105, Plaintiff has named "Mesa County" as a Defendant, rather than the "Board of County Commissioners of the County of Mesa." *See First Am. Compl.* [#14] at 1, ¶¶ 102-113.  As outlined above, this attempt to name Mesa County is jurisdictionally defective, and therefore Defendant County is properly dismissed on this ground alone. *Gonzales,* 403 F.3d at 1182 n.7; *see also DeHerrera v. Cnty. of Costilla*, 10-cv-02743-REB-BNB, 2011 WL 1154901, at *3 (D. Colo. Mar. 29, 2011); *Sisneros v. Cnty. of Pueblo,* 09-cv-01646-PAB-MJW, 2010 WL 1782017, at *2 (D. Colo. May 3, 2010); *Dixon v. Adams Cnty.,* 08-cv-00942-LTB-BNB, 2009 WL 440940, at *3 (D. Colo. Feb. 23, 2009).   Under other circumstances, the Court might be inclined to overlook this jurisdictional issue, as a simple amendment to Plaintiff's First Amended Complaint would easily cure this technical defect. *See Deason v. Lewis,* 706 P.2d 1283, 1287-88 (Colo. App. 1985) (reversing a dismissal with prejudice on grounds for failure to comply with § 30-11-105, and remanding to permit the plaintiff to amend the complaint); *but see Sineros,* 2010 WL 1782017, at *2 (declining to grant leave to amend where the plaintiff, who was represented by counsel, failed to state a claim against the county defendant in his *third* amended complaint).   However, as explained in further detail below, Plaintiff's claims against Defendant County are also prohibited by the applicable statute of limitations and because they fail meet the case-or-controversy requirement of Article III.  *See Lujan v. Defendants of Wildlife*, 504 U.S. 555, (1992).

### 1.    Statute of Limitations

Plaintiff's claims are brought pursuant to 42 U.S.C. § 1983.  *First Am. Compl.* [#14] at ¶ 50.  Actions brought pursuant to 42 U.S.C. § 1983 are subject to the general personal

injury limitation period of the state in which the action arose.  *Hunt v. Bennett*, 17 F.3d 1263, 1265 (10th Cir. 1994).  In Colorado, the limitation on a personal injury claim brought pursuant to Section 1983 is two years.  *See* Colo. Rev. Stat. § 13-80-102(g) (creating a two-year limitation period for "[a]ll actions upon liability created by a federal statute where no period of limitation is provided in said federal statute" and for "[a]ll other actions of every kind for which no other period of limitation is provided"); *see Blake v. Dickason*, 997 F.2d 749, 750 (10th Cir. 1993) (applying Colo. Rev. Stat. § 13-80-102 to a Section 1983 claim).  However, federal law rather than state law determines when a cause of action accrues.  *Indus. Constructors Corp. v. United States Bureau of Reclamation*, 15 F.3d 963, 968 (10th Cir. 1994).  Federal law provides that "[t]he statute of limitations begins to run when the plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of his action."  *Id.* at 969.

Once a defendant satisfies his initial burden to show that a claim is untimely, the burden shifts to plaintiff to establish a later accrual date or to show that there is a basis to toll the accrual date.  *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980).  Although the statute of limitations is an affirmative defense, the issue may be resolved on a motion to dismiss where the application of the limitations period is apparent on the face of the complaint.  *Dummar v. Lummis*, 543 F.3d 614, 619 (10th Cir. 2008); *Aldrich*, 627 F.2d at 1041 n.4.

Here, Defendant County argues that the two-year statute of limitations accrued well before June 7, 2011, two years prior to the filing of the Complaint.  *County Motion* [#17] at 9-12.  In support of this argument, Defendant County states that the First Amended Complaint's "statement of 'Causes of Action against [sic] Defendant Mesa County' . . . does

11

not identify any act within the two years preceding the filing of the suit that did not exist by 2004." *County Motion* [#17] at 11.  Defendant County argues that "[t]hese paragraphs do not describe any act that could amount to the violation of a constitutional right, and do not describe any actor who was intended [to], is, or should be a defendant." *Id.*

In his Response to the County Motion, Plaintiff does not directly address Defendant County's argument that Plaintiff's claim are barred by the statute of limitations.  Plaintiff does state: "For years the Title 14 court record has been extensively and selectively falsified and then destroyed sometime in October of 2012.*" Response to County Motion* [#19] at 2.  However, every allegation included in the First Amended Complaint that could be construed as being asserted against Defendant County occurred between 1997 and 2003.  *See First Amended Complaint* [#14] at ¶¶ 102-113.  Accordingly, such claims are barred by the statute of limitations.

## 2.    Standing

Further, Plaintiff's allegations against Defendant County fail to meet Article III's standing requirements.

> To satisfy Article III's standing requirements, a plaintiff must show: "(1) [he] has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision."

*Southern Utah Wilderness Alliance v. Palma*, 707 F.3d 1143, 1153 (10th Cir. 2013) (quoting *Friends of the Earth v. Laidlaw Envtl. Servs.*, 528 U.S. 167, 180-81 (2000) (citing *Defenders of Wildlife,* 504 U.S. at 560-61)).

The second element, traceability, "requires the plaintiff to show that the defendant

is responsible for the injury, rather than some other party not before the court." *Southern Utah Wilderness Alliance v. Office of Surface Mining Reclamation and Enforcement*, 620 F.3d 1227, 1233 (10th Cir. 2010) (citing *Defenders of Wildlife*, 504 U.S. at 560).   Here, the allegations that purport to be directed to Defendant County fail to allege that Defendant County was responsible for any of the alleged acts taken against Plaintiff.   For example, Plaintiff mentions actions taken by a private attorney, Assistant Mesa County Attorney Valerie Robison, Magistrate Judge Westbrook, an attorney named Stuart Jones,  the Mesa County District Court, and the Mesa County Department of Human Services - Child Support Enforcement Unit.   *See First Am. Compl.* [#14] at ¶¶ 102-113.   None of these people or entities are named as defendants in the instant action and Plaintiff fails to allege any facts which would allow the Court to conclude, even if he had correctly named Defendant County, that any of the alleged actions of these people and entities are attributable to Defendant County.   *See Sisneros*, 2010 WL 1782017, at *3-4 (dismissing claims against improperly named county because complaint failed to allege "any conduct by the County . . . that led to [plaintiff's] injuries").   Accordingly, the Court **recommends** that the County Motion [#17] be **granted** and that Plaintiff's claims against Defendant County be **dismissed without prejudice** for lack of jurisdiction.   *See Brerton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006); *Frederiksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004) (noting that dismissals for lack of jurisdiction should be without prejudice because a dismissal with prejudice is a disposition on the merits which a court lacking jurisdiction may not render); *DeHerrera v. County of Costilla*, 2011 WL 1154901, at *4 (dismissing third cause of action without prejudice).

## IV.  Conclusion

Accordingly, for the reasons stated above, the Court respectfully **RECOMMENDS** that the Motions [##15, 17] be **GRANTED** and that Plaintiff's claims against Defendants be **DISMISSED without prejudice**.

IT IS **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review.  *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated:  December 16, 2013

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge

14