IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01469-CMA-KLM

DAVID E. WILKENSON,

    Plaintiff,

v.

STATE OF COLORADO, and
MESA COUNTY, COLORADO,

    Defendants.

_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Verified Motions 1) for Clarification of the Court's 1/10/14 Final Judgment; 2) for Finding of Specific Facts; and 3) for Court to Refer the Defendants' Crimes to the Office of the United States Attorney for Colorado for Investigation** [#33][1] (the "Motion"). On February 11, 2014, Defendant Mesa County filed a Response [#35] (the "Mesa County Response"). On February 13, 2014, Defendant State of Colorado ("State") filed a Response [#36] (the "State Response"). Plaintiff has not filed a reply and his time to do so has elapsed. The Motion is ripe for review. Pursuant to 28 U.S.C. § 636(b)(1) and D.C.COLO.LCivR 72.1(c), the Motion has been referred to this Court for a recommendation regarding disposition [#34]. The Court has reviewed the Motion, the Responses, the entire docket, and the applicable law, and is

---

[1] "[#33]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Recommendation.

1

sufficiently advised in the premises.  For the reasons set forth below, the Court respectfully **RECOMMENDS** that the Motion [#33] be **DENIED**.

## I.  Background

Plaintiff initiated this lawsuit on June 7, 2013.  *See generally Compl.* [#1].  After reviewing the Complaint, the Court *sua sponte* struck the Complaint [#1] and ordered Plaintiff to file an amended complaint.  The Court also advised Plaintiff of the pleading requirements of Fed. R. Civ. P. 8 and 9.  *See generally Order Regarding Complaint* [#12]. Specifically, the Court advised Plaintiff "to provide a short and concise statement explaining what each defendant did to him, when each defendant did it, how each defendant's action harmed him, what specific legal right each defendant violated, and what remedy he seeks for each violation."  *Id.* at 3.  In response, Plaintiff filed his First Amended Complaint [#14]. The First Amended Complaint did little to clarify the factual allegations in support of Plaintiff's claims against Defendants.  However, Plaintiff did add sections titled "Causes of Action against Defendant State of Colorado" and "Causes of Action against Defendant Mesa County."  *First Am. Compl.* [#14] at ¶¶ 92-113.  Plaintiff also delineated the relief he seeks.  *Id.* at ¶¶ 114-129.

In short, Plaintiff's allegations relate to his 1996 domestic relations case which resulted in custody of his children being awarded to their mother.  *Id.* at ¶¶ 4-6.  Many of Plaintiff's allegations relate to actions taken in 1996 and 1997 relating to the domestic relations case.  Plaintiff also states that the state court "destroyed the record of the case" and that his appeal regarding this claim was denied by the appellate court.  *Id.* at ¶ 9. However, he does not provide a time frame for these allegations  In addition, Plaintiff

makes a variety of allegations against non-parties, including, among other people, Magistrate Jane Westbrook, Magistrate Cynthia Cyphers, and Mesa County Assistant County Attorney Valerie Robinson. *See, e.g., id.* at ¶¶ 19-30.

Plaintiff purports to bring claims against Defendants pursuant to 42 U.S.C. § 1983, and the First, Fifth, and Fourteenth Amendments. *Id.* at ¶ 50. However, he later clarifies that he is bringing a section 1983 claim for alleged violations of his First, Fifth, and Fourteenth Amendment rights. *Id.* at ¶ 54. Plaintiff also asserts that the Court has jurisdiction pursuant to 28 U.S.C. § 1331. *Id.* at ¶ 50.

On December 17, 2013, the Court recommended that Plaintiff's claims against Defendant State be dismissed without prejudice because "Plaintiff offer[ed] no argument that Defendant State [ ] waived its Eleventh Amendment immunity" and "enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity." *Recommendation* [#28] at 9. The Court also recommended that Plaintiff's claims against Defendant Mesa County be dismissed without prejudice for lack of jurisdiction. *Id.* at 13. The Court found that recommending dismissal was appropriate, rather than allowing Plaintiff an opportunity to amend his First Amended Complaint, because Plaintiff's claims against Defendant Mesa County were also barred by the statute of limitations and Plaintiff's allegations failed to meet Article III's standing requirements. *Id.* at 10-13.

On January 10, 2014, Judge Arguello adopted in part and affirmed in part the Court's Recommendation. *See generally Order* [#30]. Judge Arguello agreed that Plaintiff's claims against Defendant State should be dismissed without prejudice but determined that his claims against Defendant Mesa County should be dismissed with prejudice as barred by the statute of limitations. *Id.* at 3. Also, on January 10, 2014, Final

3

Judgment entered in accordance with Judge Arguello's Order. *See generally Final Judgment* [#31].

In the instant motion, Plaintiff asks the Court to amend the Final Judgment. *Motion* [#33] at 1. Specifically, Plaintiff argues that the Court should make findings of fact regarding the crimes he alleges Defendants committed against him. *Id.* at 2-3. Plaintiff also offers argument regarding the standard for summary judgment — a standard that has no bearing on this case as the Court's December 17, 2013 Recommendation and Judge Arguello's related Order dealt with motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(2), 12(b)(5) and 12(b)(6). In short, Plaintiff appears to believe that the Final Judgment should have included a determination of the ultimate issues in dispute in this case. In addition, Plaintiff asks the Court to refer the crimes Defendants allegedly committed against him to the United States Attorney for the District of Colorado for investigation. *Id.* at 5-8.

## II. Standard of Review

Because Plaintiff asks the Court to reconsider its Final Judgement entered in this case, the Court will treat the Motion as being filed pursuant to Fed. R. Civ. P. 60(b) which governs motions for relief from final judgments and orders. "Rule 60(b) relief is extraordinary and may be granted only in exceptional circumstances." *Butler v. Kempthorne*, 532 F.3d 1108, 1110 (10th Cir. 2008) (quoting *Beugler v. Burlington N. & Santa Fe Ry. Co.*, 490 F.3d 1224, 1229 (10th Cir. 2007)). A litigant shows exceptional circumstances by satisfying one or more of the grounds for relief enumerated in Rule 60(b). *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Pursuant to Rule 60(b), in the following circumstances, the Court may grant relief from a final judgment or order:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud . . ., misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). It is well established in the Tenth Circuit that grounds for a motion to reconsider are typically limited to the following: "(1) an intervening change in the controlling law; (2) new evidence previously unavailable; and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark*, 57 F.3d at 948). Therefore, a motion to reconsider is "appropriate [only] where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

### III. Analysis

In the Motion, Plaintiff asks the Court to reconsider its determination in the Order as reflected in the Final Judgment but offers no argument that meets the requirements for relief under Rule 60(b). Plaintiff's claims against Defendant State were dismissed without prejudice because the Court lacks jurisdiction to hear those claims. Plaintiff offers no argument in the Motion that the Court misapplied the law or that Defendant State waived its Eleventh Amendment immunity. With regard to Defendant Mesa County, Plaintiff's claims were dismissed with prejudice because the statute of limitations has expired. Again, Plaintiff offers no arguments that the Court misapplied the law. Accordingly, the Court cannot grant Plaintiff relief under Rule 60(b).

In addition, Plaintiff asks the Court to refer his allegations to the United States Attorney for the District of Colorado. This case has been dismissed. Therefore, the Court will not entertain additional motions practice unrelated to the Court's disposition of the claims asserted in the First Amended Complaint. Further, the Court is not in the business of instructing the United States Attorney how to perform his job. Like any citizen, Plaintiff may contact the United States Attorney's Office if he has particular concerns, but that is not the Court's role.

## IV. Conclusion

Accordingly, based on the foregoing and the entire record in this case, the Court respectfully **RECOMMENDS** that Plaintiff's Motion [#33] be **DENIED**.

IT IS **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th

Cir. 1996).

Dated: March 17, 2014

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge